```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GENWORTH LIFE INSURANCE COMPANY
OF NEW YORK,

                            Plaintiff,          12-CV-6330T

              v.                                ORDER

GARY S.  DWAILEEBE, et al.,

                            Defendants.
_____
```

By motion dated June 19, 2013, defendant David Dwaileebe moves to stay this Court's consideration of a pending motion that he, along with several co-defendants and plaintiff Genworth Life Insurance Company of New York ("Genworth"), previously filed seeking approval of a settlement in this action. Specifically, the motion previously brought by Genworth and defendants David Dwaileebe, George Dwaileebe, James Dwaileebe, Michael Dwaileebe, Laurie J. Overmeyer (nee Dwaileebe), Jenny S. Trapani (nee Dwaileebe), and Linda A. Van Ness (nee Dwaileebe) sought approval of a distribution of life insurance benefits held by Genworth in accordance with a revised beneficiary designation signed by Geraldine H. Dwaileebe shortly before her death. Under the original designation of beneficiaries, David Dwaileebe was the sole beneficiary of the plan. Under the revised designation, all 10 of Geraldine Dwaileebe's children were named as beneficiaries.

Represented by new counsel, David Dwaileebe now moves to stay this court's consideration of the motion to approve the settlement pending the outcome of a state-court competency proceeding

regarding whether or not he was competent to disclaim his 100% interest in the life insurance proceeds and accept the smaller 30.25% interest that he agreed to, and whether he is competent to manage his financial affairs going forward. He claims that he was coerced by his brother George Dwaileebe into signing an agreement that he did not understand, and is not competent to understand.

Rather than stay the current motion to approve the settlement, the motion to approve the settlement is denied without prejudice, and this action is stayed pending the outcome of the mental hygiene proceeding pending in New York State Supreme Court. It is clear from the record before this court that there are serious questions as to the validity of the revised beneficiary designation signed by Geraldine H. Dwaileebe shortly before her death, and the disclaimer of benefits signed by David Dwaileebe.

It is significant to note that in his Answer to the Complaint, Mark Dwaileebe alleges that it was their mother's wish that all benefits go to his brother David Dwaileebe, that David Dwaileebe is incompetent to manage his own financial affairs, that his mother was coerced into changing the designation of beneficiaries while she herself was incompetent as a result of dying of cancer and being heavily medicated, and that David Dwaileebe was coerced into disclaiming his rightful benefit without understanding his actions.

In light of David Dwaileebe's current motion to stay in which he asserts that he was not competent to disclaim the benefits he was to receive under the original designation, I find that the interests of justice are best served by denying the motion to

approve the settlement without prejudice, and staying the action in its entirety pending the resolution of mental hygiene proceedings in New York State Supreme Court. David Dwaileebe's motion to stay consideration of the motion to approve the settlement is denied as moot.

    ALL OF THE ABOVE IS SO ORDERED.

                                  S/ Michael A. Telesca
                                _____
                                    Michael A. Telesca
                                United States District Judge

DATED:    Rochester, New York
              June 19, 2013